Argued and submitted December 13, 2002, affirmed March 6, 2003

## STATE OF OREGON,
*Respondent,*

*v.*

## MAX ELLIS ALEXANDER,
*Appellant.*

**01-0170CR; A117125**

64 P3d 1148

Claud Ingram argued the cause and filed the brief for appellant.

Paul L. Smith, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Defendant appeals from a conviction for second-degree theft, ORS 164.045, assigning error to the trial court's denial of his motion for a judgment of acquittal and its failure to give several instructions. Both the motion and the instructions were based on defendant's argument that, under the applicable provisions of the Uniform Commercial Code (UCC), he was the owner of the allegedly stolen hay at the time that he took it. We affirm.

The essential facts are not in dispute. Defendant agreed to purchase hay from the Wagners. He then left his truck and trailer at the Wagners' farm with the keys in it. In accordance with the agreement, the Wagners' son and an employee loaded the truck and trailer with hay and moved it to the front gate. Defendant and the Wagners did not discuss payment for the hay, but the Wagners believed that, in accordance with their normal practice, the agreement was that he would pay when he received it. When defendant returned to take the hay, he got into a dispute about the quantity that the Wagners provided and ultimately drove his loaded truck and trailer away without paying.[1] As of the date of the trial, he had not paid for the hay.

ORS 164.015(1) provides that a person commits theft when the person, "with intent to deprive another of property or to appropriate property to the person or to a third person," among other things "[t]akes, appropriates, obtains or withholds such property *from an owner thereof*[.]" (Emphasis added.) ORS 164.005(4) defines "owner" as "any person who has a right to possession thereof superior to that of the taker, obtainer or withholder."

The foundation for defendant's motion for judgment of acquittal and proposed jury instructions at trial, and for his argument on appeal, is that he became the owner of the hay once it was loaded onto his truck and trailer. If he is correct, he could not be guilty of committing theft of his own

---

[1] The confrontation became heated, and there were allegations that defendant brandished a gun. As a result, he was indicted for second-degree robbery as well as theft; the jury acquitted him of the robbery charge. It also acquitted his wife, who was present during the dispute, of theft.

property. He relies on ORS 72.4010(2) for that proposition. That statute provides that, "[u]nless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes performance with reference to the physical delivery of the goods[.]" According to defendant's argument, the Wagners completed performance when they placed the hay in his truck and trailer and, under the above statute, defendant acquired title to the hay at that time.

Defendant's argument gives too much significance to the concept of "title." As the introductory portion of ORS 72.4010 indicates, "title" plays a minor role under the UCC as a whole.[2] More significantly for this case, "title" is not the crucial issue under the theft statutes. ORS 164.005(4) does not define the owner of stolen property as the person who has title to it; rather, for the purposes of the theft statutes the "owner" is any person who has a right of possession to the property superior to that of the taker. The relevance of the UCC to this case, thus, is in determining whether defendant or the Wagners had a superior right to possession of the hay at the time that defendant took it. The answer to that question is clear.

ORS 72.3100(1) provides that payment for goods is due "at the time and place at which the buyer is to receive the goods even though the place of shipment is the place of delivery[.]" ORS 72.5070(1) provides that tender of delivery is a condition to the buyer's duty to pay for the goods and that tender "entitles the seller to acceptance of the goods and to payment according to the contract."[3] Those statutes, when read together, mean that the seller is entitled to retain possession of the goods until the buyer has paid for them. Said

---

[2] The introductory portion of ORS 72.4010 provides:

"Each provision of this chapter with regard to the rights, obligations and remedies of the seller, the buyer, purchasers or other third parties applies irrespective of title to the goods except where the provision refers to such title. In so far as situations are not covered by the other provisions of this chapter and matters concerning title become material the following rules apply[.]"

[3] Like most other provisions of the UCC, those provisions are subject to the parties' agreement on different terms. *See* ORS 71.1020(3), (4). Defendant and the state disagree about whether the evidence supports a conclusion that the parties had an agreement about the time and effect of payment. Because any agreement was consistent with those provisions, that dispute does not affect our decision.

another way, without a contrary agreement, the buyer's payment and the seller's relinquishment of possession occur simultaneously. As the leading authorities on the UCC explain:

> "[I]t must not be assumed that the buyer is entitled to withhold payment until it has taken full possession and control of the goods. [In the absence of a] contrary agreement, the Code theory is that the buyer is entitled to full possession and control over the goods only where it concurrently tenders payment. Accordingly, while the seller must make the goods available for inspection, 'he is not required to give up possession of the goods until he has received payment,' assuming, of course, that the seller has not agreed to extend credit."

James J. White and Robert S. Summers, 1 *Uniform Commercial Code* § 3-7, 143 (4th ed 1995) (footnote omitted) (*quoting* Official Comment 2 to UCC § 2-310). *See also In Re Koreag, Controle et Revision S.A.*, 961 F2d 341, 356 (2d Cir 1992) (seller has right to reclaim goods from insolvent buyer who takes possession but fails to pay).

The evidence permitted the jury to find that the Wagners retained the right of possession at the time that defendant took the hay. The trial court, thus, did not err in denying defendant's motion for a judgment of acquittal. All of the proposed jury instructions in issue were also based on defendant's argument that title to the hay was relevant to the right to possess it. The trial court did not err in refusing to give them in light of the fact that, under the applicable law, defendant had no right to possession of the hay until he paid for it.

Affirmed.